UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. S1- 4:22 CR 403 HEA |
| GREGREONIA HAMPTON, | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Gregreonia Hampton, represented by defense counsel Bobby Bailey, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the Indictment the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's violation of federal law on May 31, 2022 in the robbery of ATM Solutions, as outlined in the Indictment,

1

of which the Government is aware at this time. Moreover, the United States agrees to dismiss Count Two at the time of sentencing.

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

The defendant also agrees, pursuant to the guilty plea to Count One, to forfeit to the United States all property subject to forfeiture under the applicable statute(s).

## 3. ELEMENTS:

**A.** As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Sections 1951 and 2, by means of aiding and abetting, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

The defendant fully understands the elements of robbery in violation of Title 18, United States Code, Section 1951 are:

**(1)** The defendant, aided and abetted by others, knowingly robbed ATM Solutions employees;

**(2)** The robbery involved United States currency;

**(3)** The United States currency was in the custody of an employee of ATM Solutions; and

**(4)** The defendants' actions obstructed, delayed, affected commerce in some way

or degree.

As to Aiding and Abetting, before or at the time the crime was committed, the defendant admits:

**(1)** Defendant knew the robbery was being committed or going to be committed;

**(2)** Defendant had enough advance knowledge of the extent and character of the robbery that she was able to make the relevant choice to walk away from the robbery before all the elements of the robbery were completed; and

**(3)** Defendant knowingly acted in some way for the purpose of aiding the commission of the robbery.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On May 31, 2022, the St. Louis County Police Department (SLCPD) received a 911 call at approximately 10:20 a.m. from an ATM Solutions employee reporting that she and her co-worker were just robbed. The two employees were servicing an automated teller machine (ATM) at the Vantage Federal Credit Union located at 11654 West Florissant Avenue, St. Louis County, Missouri, located within the Eastern District of Missouri, when a white Kia Optima driven by Gregreonia HAMPTON parked next to the open ATM. Mark DIGGS exited the rear of the vehicle pointing an AM-15 model, .300 Blackout caliber, fully automatic pistol at the employees. DIGGS demanded, "Throw me the bag." The employee complied with the demand and threw a money bag with approximately $217,500 in United States currency to DIGGS. DIGGS took the bag and returned to the back seat of the Kia Optima. HAMPTON then drove the vehicle away.

The robbery was captured on video surveillance. Data collected in reference to HAMPTON's cellular telephone showed that her cellular telephone was in the vicinity of Vantage Federal Credit Union around the time of the robbery.

While on scene, St. Louis County Police dispatch was informed that a Missouri State Highway Patrol trooper located a tan bag with black handles and VCU 203 written on the bag on the side of Dunn Road in St. Louis County. It was determined that the bag was used by ATM Solutions to transport United States currency. The bag contained approximately 30 paper money straps but no United States currency. DNA collected from the money straps was submitted to the SLCPD Crime Laboratory for analysis. DNA found on the money straps matched DIGGS.

On June 1, 2022, the white Kia Optima was found in the parking lot of townhomes located at 8658 Brittany Town Place, St. Louis County. Video surveillance from businesses surrounding the parking lot was collected. Video surveillance revealed that on May 31, 2022, at approximately 10:09 a.m., HAMPTON entered the white Kia Optima and drove away heading north on North Hanley Road in Hazelwood, Missouri. The white Kia Optima returned to the parking lot on May 31, 2022, at approximately 10:34 a.m., at which time HAMPTON and DIGGS were seen walking toward the townhome located at 8678 Brittany Town Place. Analysis of HAMPTON's cellular telephone location data showed its location was consistent with being in the vicinity of 8678 Brittany Town Homes, St. Louis, Missouri both before and after the robbery. DNA collected from the interior of the vehicle was submitted to the SLCPD Crime Laboratory for analysis. DNA found on the steering wheel of the white Kia Optima matched that of HAMPTON.

On May 31, 2022, ATM Solutions, Inc. was engaged in the distribution of United States currency through various offices within the Eastern District of Missouri and other states in the United States. Defendant admits she knew the robbery was being committed or going to be

committed. Defendant admits she had enough advance knowledge of the extent and character of the robbery that she was able to make the relevant choice to walk away from the robbery before all the elements of the robbery were completed. The defendant admits that she knowingly aided and abetted DIGGS in using threats or force to rob ATM Solutions of United States currency in the possession of its employees by driving the vehicle used in the robbery and that their actions affected interstate commerce.

**5. STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty are:

**A.** **Count One:** imprisonment of not more than twenty (20) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

**6. U.S. SENTENCING GUIDELINES (2021 MANUAL):**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**COUNT ONE:**
**AIDING AND ABETTING ARMED ROBBERY**

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the Base Offense Level is **20**, as found in Section 2B3.1(a).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: **2** levels should be added pursuant to Section 2B3.1(b)(1) because the property of a financial institution was taken; **2** levels should be added pursuant to Section 2B3.1(b)(7)(C) because the loss amount exceeded $95,000 but less than $500,000; and **5** levels should be added pursuant to Section 2B3.1(b)(2)(C) because a firearm was brandished or possessed

b. **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that **three** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **26**.

d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    **(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States

Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

 **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

 **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

 **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

 **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim

to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant also agrees to the entry of a forfeiture money judgment against the defendant and in favor of the Government in the amount of $217,500. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine

adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea

to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

5/22/23
Date

LINDA LANE

                                                         Assistant United States Attorney

05-16-2023  
Date

                                                         *Gregreonia Hampton*  
                                                         GREGREONIA HAMPTON  
                                                         Defendant

5-16-2023  
Date

                                                         #56207  
                                                         BOBBY BAILEY  
                                                         Attorney for Defendant